UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| RIFLE HOLDINGS, LLC and RIFLE, INC. d/b/a RIFLE PAPER CO., <br><br> Plaintiffs, <br><br> v. <br><br> PETCO ANIMAL SUPPLIES STORES, INC., <br><br> Defendant. | CASE NO.: 6:20-CV-1646 <br><br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(INJUNCTIVE RELIEF SOUGHT)** |

Plaintiffs Rifle Holdings, LLC ("Rifle Holdings") and Rifle, Inc. d/b/a Rifle Paper Co. ("Rifle Paper," and together with Rifle Holdings, "Plaintiffs") sue Defendant Petco Animal Supplies Stores, Inc. ("Petco") and allege:

### PARTIES, JURISDICTION, AND VENUE

1. Rifle Holdings is a Florida limited liability company having its principal place of business in Winter Park, Florida.

2. Rifle Paper is a Florida corporation having its principal place of business in Winter Park, Florida.

3. Petco is a Delaware corporation having its principal place of business in California.

4. Pursuant to 28 U.S.C. §§ 1331 and 1338(a), this Court has subject matter jurisdiction because Plaintiffs' claims arise under the Federal Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (the "Copyright Act").

5. This Court has personal jurisdiction over Petco because Plaintiffs' claims arise out of Petco operating, conducting, engaging in, or carrying on a business venture in Florida and this District and committing a tortious act in Florida and this District. Among other things, (i) Petco operates numerous retail stores in Florida and this District, Petco's principal website (www.petco.com) reaches into Florida and this District, and Petco has advertised, promoted, offered for sale, sold, and distributed infringing products to customers and potential customers in Florida and this District using such retail stores and website; and (ii) Petco's activities alleged herein were aimed at Florida and this District, Petco knew or should have known that its acts would cause harm to Plaintiffs, which are based in Florida and this District, and Petco maintains a substantial customer base in Florida and this District.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b), (c) and 28 U.S.C. § 1400(a) because Petco or its agents reside or may be found in this District and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## FACTUAL BACKGROUND

### *Plaintiffs' Business*

7. Rifle Paper is in the business of, among other things, creating, producing, marketing, and selling greeting cards, postcards, invitations, stationery, calendars, journals, notepads, and other printed materials, all of which embody original artwork, designs, and text material. These products are marketed throughout the United States and internationally.

8. Rifle Holdings holds intellectual property rights in artwork, designs, and text material that it licenses to Rifle Paper to use in its products and to further license to other

companies for use in their products in exchange for royalties. Those licensees include a seller of pet products, among other products.

9. Rifle Paper has expended a significant amount of effort and resources to brand itself around its designs and products. Among its many efforts, Rifle Paper maintains an active online presence by uploading and posting images of its designs and products to Instagram, Facebook, and Twitter on a frequent basis. Rifle Paper has also obtained press coverage for its designs and products in newspapers, magazines, and fashion blogs with national and international distributions.

10. In addition to its own website, riflepaperco.com, and its storefront in Winter Park, Florida, Rifle Paper sells or distributes products through national and international retail chains, and licensees of Rifle Paper likewise sell or distribute products bearing the licensed artwork, designs, and text material through national and international retail chains.

*The Tapestry Design and Associated Copyright Registration*

11. Rifle Holdings is the exclusive owner of an original design referred to as the "Tapestry Design." The Tapestry Design is duly registered with the United States Copyright Office, as evidenced by Certificate of Registration No. VAu 1-230-328 (the "Copyright Registration"), dated January 13, 2016. A true and correct copy of the Copyright Registration and its corresponding deposit copy are attached hereto as **Composite Exhibit 1**.

12. Rifle Holdings has licensed the Tapestry Design to Rifle Paper, which has sold and distributed products using the Tapestry Design and further licensed the Tapestry Design to other companies for use in products.

13. Rifle Paper has also licensed the Tapestry Design to (i) Keds for use in a sneaker design; (ii) Loloi for use in rugs and decorative pillows; (iii) Corkcicle for use in a tumbler; (iv) Case-Mate for use in phone cases; (v) York Wallcoverings for use in wallpaper; (vi) RJR Fabrics/Cotton and Steel Fabrics for use in fabric; (vii) Paperless Post for use in online greeting cards and invitations; and (viii) Solly Baby for use in baby wraps.

14. The Tapestry Design has been used with differing color configurations and orientations in several products sold by Rifle Paper or its licensees, including, but not limited to drinkware, fabric, paperless online greetings, candles, baby wraps, shoes, phone cases, greeting cards and other stationery, wallpaper, rugs, and pillows, many of which are publicly accessible through Rifle Paper's website.

15. Products featuring the Tapestry Design are publicly available in major retail outlets, including, but not limited to, Pottery Barn Teen, Barnes & Noble, Anthropologie, Francesca's, Corkcicle.com, Amazon, The Container Store, The Paper Store, Keds.com, Fabric.com, Paperless Post, US Wall Decor, Relish Decor, Paper Source, Rugs & Home, Nebraska Furniture Mart, RC Wiley Home Furnishings, York Wallcoverings, Pom Paperie, and Sollybaby.com.

16. The Tapestry Design has received wide press coverage in magazines, newspapers, gift guides, and fashion blogs, including, but not limited to, The Boston Globe, Apartment Therapy, Entertainment Weekly, Real Simple, House & Home, Oprah Magazine, Refinery29, New York Magazine, HGTV, CNN, and E! Online, and is often featured on Rifle Paper's Instagram account, which has one million followers.

17. Products reflecting the Tapestry Design have been offered for sale, sold, and widely disseminated by Rifle Paper and its licensees throughout the United States and internationally, including in California where Petco is based. To date, Rifle Paper and its licensees have sold tens of thousands of units of products incorporating the Tapestry Design.

### *Petco's Infringing Products*

18. Petco operates animal and pet supply retail stores and a website throughout the United States, Mexico, and Puerto Rico and offers and sells pet leashes, harnesses, clothes, accessories, and other products under its "Bond & Co." brand.

19. Petco operates over 50 stores in Florida and over a dozen in this District.

20. Petco has infringed Plaintiffs' copyrights within this District and throughout the United States by using the Tapestry Design in connection with the manufacturing, distributing, promoting, advertising, offering for sale, and selling of two items of pet clothing under the "Bond & Co." brand: (1) a navy dog jacket (the "Petco Jacket"), and (2) a knit dog sweater (the "Petco Sweater") (collectively, the "Infringing Products").

21. The Infringing Products incorporate floral artwork that is strikingly similar or, alternatively, substantially similar to Plaintiffs' Tapestry Design. The Infringing Products are reflected in the images attached hereto as **Exhibit 2**.

22. The following comparison shows Rifle's Tapestry Design (left) and the infringing design as used in the Petco Jacket:



RIFLE PAPER CO.
WPM026  Tapestry



BOND & CO.

23. The following additional comparisons show magnified portions of the Tapestry Design (left column) and the infringing design (right column):

Rifle Paper Co.



Bond & Co.



6



24. As these comparisons show, the infringing design on the Petco Jacket copies the Tapestry Design with minor adjustments to coloration, spacing, and detail.

25. For the Petco Sweater, Petco simply took elements from the infringing design on the Petco Jacket that were copied from the Tapestry Design and rearranged them on the Petco Sweater as reflected below:

| Rifle Paper Co. | Bond & Co. |
|---|---|
| |  |

26. The following additional comparison shows the Tapestry Design (left column) and a magnified portion of infringing design (right column):

| Rifle Paper Co. | Bond & Co. |
|---|---|
|  |  |

27. At no point did Petco seek or obtain any form of license or authorization to use the Tapestry Design.

28. At no point did Plaintiffs grant Petco any form of a license or authorization to use the Tapestry Design.

29. Upon learning of the sale of the Infringing Products, Plaintiffs' counsel sent a demand letter to Petco on March 3, 2020 alleging copyright infringement and demanding that Petco cease and desist from such conduct (the "Infringement Notice"), attached hereto as **Exhibit 3**.

30. After receiving the Infringement Notice, Petco initially refused to cease selling, or offering for sale, the Infringing Products and simply indicated through counsel that the Infringing Products were seasonal items in the process of being phased out.

31. Upon information and belief, Petco continued to sell the Infringing Products after receiving the Infringement Notice and remains in possession of units of the Infringing Products although Petco claims to have eventually removed them from stores and its website.

32. As a result of the conduct alleged herein, Plaintiffs have been required to retain King, Blackwell, Zehnder & Wermuth, P.A. ("KBZW"). Plaintiffs are obligated to pay KBZW attorneys' fees for its services in this matter.

33. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

## COUNT I

### Copyright Infringement

34. Plaintiffs incorporate the allegations set forth in Paragraphs 1 through 33 above as if set forth fully herein.

35. Plaintiffs collectively own all rights, title, and interest to the copyright sought to be enforced herein.

36. Petco has produced, manufactured, distributed, promoted, advertised, and sold the Infringing Products in retail stores and online at petco.com under the "Bond & Co." brand.

37. Petco's use of the Tapestry Design in connection with the production, manufacture, distribution, promotion, advertisement, and sale of the Infringing Products was without Plaintiffs' authorization, license, or consent, and therefore constitutes infringement in violation of 17 U.S.C. § 501.

38. Access to Plaintiffs' Tapestry Design existed because the Tapestry Design was widely disseminated through Plaintiffs' publicly accessible website, national and international product distribution, and social-media marketing.

39. The Infringing Products copy the protectable elements of Plaintiffs' Tapestry Design, resulting in works strikingly similar or, alternatively, substantially similar to the Tapestry Design.

40. Petco knew or, through the exercise of ordinary business care and examination of the public record, should have known that it was infringing on the rights of Plaintiffs.

41. Petco's infringement was willful, intentional, and in bad faith.

42. As a result of Petco's acts, Plaintiffs have been damaged in an amount to be set at trial.

43. Due to Petco's acts of copyright infringement, Petco has gained direct and indirect profits it would not have otherwise realized but for its infringement of Plaintiffs' copyrights.

44. Plaintiffs are entitled to disgorgement of Petco's profits directly and indirectly attributable to its infringement.

45. Plaintiffs are further entitled to damages, attorneys' fees, and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. § 101 et seq., given the willful, intentional, and bad faith nature of Petco's copyright infringement.

46. Monetary damages cannot fully compensate Plaintiffs for the injury as a result of Petco's infringement.

47. Plaintiffs do not have an adequate remedy at law and continue to suffer irreparable harm as a result of Petco's infringement.

**WHEREFORE**, Plaintiffs request that:

a. Petco, its officers, agents, co-conspirators, servants, affiliates, employees, successors, and assigns, and all those in privity or acting in concert with Petco, be:

   (1) preliminarily and permanently enjoined and restrained from directly or indirectly selling products, or otherwise, infringing Plaintiffs' copyrights;

   (2) ordered to deliver on oath, to be impounded during the pendency of this action, all articles alleged to infringe Plaintiffs' copyrights;

   (3) ordered to deliver on oath for destruction all infringing copies or devices, including all plates, molds, matrices, and other means for making the Infringing Products;

11

    b.    Plaintiffs be awarded damages, including all profits of Petco plus all losses of Plaintiffs, the exact amount to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

    c.    Petco account to Plaintiffs for its profits and any damages sustained by Plaintiffs arising from the foregoing acts of infringement;

    d.    Plaintiffs be awarded pre-judgement interest, attorneys' fees, and costs of this action as allowed by law;

    e.    The aforesaid amounts be multiplied or otherwise enhanced as permitted by law; and

    f.    Plaintiffs be awarded such further legal and equitable relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury as to all matters so triable pursuant to Rule 38, Federal Rules of Civil Procedure.

Dated: September 8, 2020

/s/ Vincent Falcone III
Vincent Falcone III
Florida Bar No.: 0058553
Robyn Kramer
Florida Bar No. 0831100
KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
Email: vfalcone@kbzwlaw.com
Email: rkramer@kbzwlaw.com

*Counsel for Plaintiffs Rifle Holdings, LLC and Rifle, Inc. d/b/a Rifle Paper Co.*